**Slip Op. 08-66**

**UNITED STATES COURT OF INTERNATIONAL TRADE**

|  |  |
|---|---|
| TRUSTEES IN BANKRUPTCY OF NORTH AMERICAN RUBBER THREAD CO., INC., FILMAX SDN. BHD., HEVEAFIL USA, INC., AND HEVEAFIL SDN. BHD.,<br><br>        Plaintiffs,<br><br>        v.<br><br>UNITED STATES,<br><br>        Defendant. | Before: Richard W. Goldberg,<br>        Senior Judge<br><br>Consol. Court No. 05-00539 |

**OPINION**

[Commerce's refusal to initiate a changed circumstances review is remanded.]

                              Date:  June 10, 2008

Miller & Chevalier Chartered (Peter J. Koenig) for Plaintiff Trustees in Bankruptcy of North American Rubber Thread Co., Inc.

White & Case, LLP (Walter J. Spak, Emily Lawson, and Jay C. Campbell) for Plaintiffs Filmax Sdn. Bhd., Heveafil USA, Inc., and Heveafil Sdn. Bhd.

Gregory G. Katsas, Acting Assistant Attorney General; United States Department of Justice; Jeanne E. Davidson, Director, and Patricia M. McCarthy, Assistant Director, Commercial Litigation Branch, Civil Division, United States Department of Justice, (Stephen C. Tosini); David W. Richardson, Of Counsel, Office of Chief Counsel for Import Administration, Department of Commerce for Defendant United States.

**GOLDBERG, Senior Judge**:  This case is before the Court following a court-ordered remand.  See Tr. in Bankr. of N. Am. Rubber

Thread Co. v. United States, 31 CIT __, 533 F. Supp. 2d 1290

(2007) (**"NART"**).  In NART, the Court ordered the U.S. Department

of Commerce (**"Commerce"**) to provide a reasonable explanation for

its departure from past agency practice, or in the alternative

to conduct a changed circumstances review.  For the reasons

stated below, the Court remands Commerce's results for further

proceedings consistent with this opinion.

## I.    STANDARD OF REVIEW

The Court has jurisdiction under 28 U.S.C. § 1581(i).  When

reviewing an action under section 1581(i), the Court will set

aside a decision of Commerce if it is "arbitrary, capricious, an

abuse of discretion, or otherwise not in accordance with law."

5 U.S.C. § 706(2)(A) (2000); see 28 U.S.C. § 2640(e) (2000).

## II.   BACKGROUND

The procedural history of this case is set forth in greater

detail in the Court's previous opinions.  See NART, 31 CIT at

__, 533 F. Supp. 2d at 1291—93; Tr. in Bankr. of N. Am. Rubber

Thread Co. v. United States, 30 CIT __, __, 464 F. Supp. 2d

1350, 1351—53 (2006).  However, the relevant facts are as

follows:  In 1992, Commerce published an antidumping duty order

on imports of extruded rubber thread from Malaysia.  When North

American Rubber Thread Co. (**"NART"**),[1] the sole domestic manufacturer of extruded rubber thread, filed for bankruptcy, Filmax Sdn. Bhd, Heveafil USA Inc., and Heveafil Sdn. Bhd (collectively **"Heveafil"**) requested a changed circumstances review.  NART agreed that the antidumping duty order should be revoked as to entries after October 1, 2003.  Heveafil, however, argued that the order should be revoked back to October 1, 1995; a date effectively encompassing all of its entries.[2]  Upon investigation, Commerce revoked the antidumping duty order as to entries after October 1, 2003.

After this review, NART changed its position and asked Commerce to conduct a second changed circumstances review to determine whether the order should be revoked to October 1, 1995.  Commerce refused, arguing that revoking an order subject to a completed administrative review would violate long-standing

---

[1] NART refers both to the former company and the plaintiffs in the current case, Trustees in Bankruptcy of North American Rubber Thread Co., Inc., its successor-in-interest.

[2] Revocation of the order through October 1, 1995 would result in the revocation of any duties incurred between October 1, 1995 and September 30, 1996 only.  Liquidation during this period was suspended due to ongoing litigation related to Commerce's periodic review of that period.  See Heveafil Sdn. Bhd. v. United States, Appeal Nos. 02-1085, 02-1086, 02-1087 (Fed. Cir. Mar. 19, 2003) (unpublished).  That case has been stayed pending the outcome of the current action.  All entries from the other periods have previously been liquidated.

agency practice.  NART and Heveafil challenged this refusal.[3]  In NART, the Court noted that Commerce, contrary to its position that it was long-standing agency practice not to revoke an order subject to a completed review, had done so on several occasions. Accordingly, the Court ordered Commerce to explain its departure from its past practice, or in the alternative, to conduct a changed circumstances review.  On remand, Commerce again refused to conduct a changed circumstances review arguing: (1) it lacked the authority to revoke the antidumping duty order; and (2) that the Court incorrectly interpreted its prior conduct as establishing an agency practice.

## III. __DISCUSSION__

Commerce must conduct a changed circumstances review whenever an interested party has shown a change "sufficient to warrant a review."  19 U.S.C. § 1675(b)(1) (2000).  Here, Commerce's refusal to conduct a second changed circumstances review was not based on the merits of NART and Heveafil's request, but instead on its interpretation of the statutory framework.  In NART, the Court provided specific remand instructions and the Court must now analyze whether Commerce's results comply with these instructions.

---

[3] NART and Heveafil brought separate actions challenging Commerce's refusal to conduct a second changed circumstances review.  These actions were consolidated to form the present action.

### A. Commerce's Interpretation of the Statutory Antidumping Framework

In Commerce's view, its decision not to conduct a changed circumstances review was based on the fact that the only unliquidated entries, the entries for the period from October 1, 1995 to September 30, 1996, were already subject to a completed review. In Commerce's view, the principle of "administrative finality" unambiguously prevails over any discretion the agency has in selecting an effective date of revocation; or in short, that the completion of an administrative review unambiguously precludes the agency from retroactively revoking an order. The NART Court, however, already rejected this argument. See NART, 31 CIT at __, 533 F. Supp. 2d at 1293-95. Commerce's current remand results are only a more thorough attempt to support an already rejected interpretation of the statutory framework.

### B. Commerce is Unable to Provide a Reasonable Explanation for Its Deviation From Past Agency Conduct

Commerce also fails to provide a reasonable explanation for its departure from its past practice. Generally, "'an agency action is arbitrary when the agency offer[s] insufficient reasons for treating similar situations differently.'" SKF USA, Inc. v. United States, 263 F.3d 1369, 1382 (quoting Transactive Corp. v. United States, 91 F.3d 232, 237 (D.C. Cir. 1996)). Here, Commerce argues that it is not agency practice to revoke orders already subject to completed administrative reviews.

According to Commerce, the prior scope rulings which appear to adopt this practice were instead the result of litigation settlements.  See, e.g., Certain Cold-Rolled Carbon Steel Flat Products from the Netherlands, 67 Fed. Reg. 9956, 9956—57 (Dep't Commerce Mar. 5, 2002) (final results of changed circumstances review).  In Commerce's view, any subsequent confusion regarding its past practice was solely due to "inartful drafting" by the agency.  The NART Court, however, already rejected Commerce's argument that its prior scope rulings lack precedential value. NART, 31 CIT at __, 533 F. Supp. 2d at 1296 n.9.  Additionally, Commerce has previously revoked orders pursuant to its authority under 19 U.S.C. § 1675(b) and (d) and/or § 1677m(h), or its ability to determine an effective date of revocation.  See, e.g., Porcelain-on-Steel Cookware from Mexico, 67 Fed. Reg. 19553, 19554 (Dep't Commerce Apr. 22. 2002) (final results of changed circumstances review).  Commerce fails to provide any explanation for treating the current situation differently— beyond the litigation settlement rationale rejected in NART. See NART, 31 CIT __, 533 F. Supp. 2d at 1296 n.9.  As such, Commerce has again failed to provide a reasonable explanation for its deviation from past agency practice.

## IV.  CONCLUSION

For the foregoing reasons, this matter is remanded for further proceedings consistent with this opinion.  On remand,

Commerce shall conduct the second changed circumstances review requested by NART and Heveafil.  A separate order will be issued accordingly.

/s/ Richard W. Goldberg
**Richard W. Goldberg**
**Senior Judge**

**Date:**      **June 10, 2008**
              **New York, New York**